**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)**

| | | |
|---|---|---|
| DORIS E. TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 7:24cv00733 |
| v. | ) | Case No.:_____ |
| | ) | (Removed from the |
| CITY OF ROANOKE, VIRGINIA, <u>et al.</u>, | ) | Circuit Court for the |
| | ) | City of Roanoke, VA |
| Defendants. | ) | (Case No. <u>CL 24-1266</u>) |
| | ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendant, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust (the "Trust") (incorrectly identified in the Complaint as "U.S. Bank N.A."), with the consent of Defendant, the City of Roanoke, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Circuit Court for the City of Roanoke, Virginia to the United States District Court for the Western District of Virginia (Roanoke Division) pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support thereof, the Trust states as follows:

**Background**

1.      On or about July 8, 2024, *pro se* Plaintiff, Doris E. Tucker ("Plaintiff"), commenced the underlying state court action captioned <u>Doris E. Tucker v. City of Roanoke, et al.</u> (Case No. <u>CL24002025</u>) (the "State Court Action"), in the Circuit Court for the City of Roanoke asserting claims relating to property located at 116 Beech Street, Roanoke, VA (the "Property").

1

2.      Plaintiff's Complaint purports to raise several causes of action arising under federal and state law with respect to her default under the subject home mortgage loan debt, and foreclosure of the Property. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit "A."

3.      The Trust cannot include as an exhibit a summons issued in the State Court Action because the Trust has not been served with one nor has it received a copy of the same. Indeed, the docket from the State Court Action reflects that no summonses have issued. A true and correct copy of that court's docket is attached as Exhibit "B."

**Removal is Procedurally Proper**

4.      28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending[.]

Id.

5.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court for the City of Roanoke, the forum in which the removed State Court Action was pending.

*Removal is Timely*

6.      Under 28 U.S.C. § 1446(b), a defendant may remove an action to federal court by filing a notice of removal within 30 days of being served (conditioned, of course, on appropriate subject matter jurisdiction). When defendants are served at different times, earlier-served defendants may consent to the removal by later-served defendants. Id. at § 1446(b)(2)(C).

2

7.      The City of Roanoke entered an appearance in the State Court Action on August 22, 2024. (Ex. B at p. 2.) Under Virginia law, an appearance by a party before a court constitutes a voluntary submission to that court's jurisdiction. McCulley v. Brooks & Co. Gen. Contrs., Inc., 295 Va. 583, 589-90 (2018). See also Lyren v. Ohr, 271 Va. 155, 159 (2006) ("A general appearance 'is waiver of process, equivalent to personal service of process and confers jurisdiction of the person on the court.'").

8.      Therefore, the City arguably waived service of process on August 22, 2024. See Ex. B at p. 2.

9.      According to tracking records from the United States Postal Service, a copy of Plaintiff's Complaint was delivered on August 26, 2024 to "Paula Oswald, Agent" in Los Angeles, California. Copies of the envelope containing the mailed pleading, and U.S. Postal Service tracking and delivery information are attached at Ex. A, p. 1 and Exhibit "C," respectively.

10.     Public records of the United States Securities and Exchange Commission[1] reflect that Paula Oswald is a vice president with *U.S. Bank, N.A.* with a business address in Los Angeles, California.

11.     Plaintiff alleges that "U.S. Bank, N.A., as trustee" was the owner, as assignee, of the loan secured by a deed of trust against the Property. See Ex. A. at ¶ 7.

12.      However, that is patently incorrect and refuted by the public record. Rather, the trustee for the Trust (the Trust being owner of Plaintiff's loan), was *U.S. Bank Trust, N.A.* A copy of the publicly-recorded assignment of deed of trust is attached hereto as Exhibit "D."

---

[1]      See   https://www.sec.gov/Archives/edgar/data/1318605/000119312519133592/d739086dex251.htm   (last accessed Oct. 23, 2024.)

3

13.     The public record also supports the fact that the Trust (through its correct trustee – U.S. Bank Trust), purchased the Property at foreclosure sale on January 24, 2023 as evidenced by the publicly-recorded trustee's deed, a copy of which is attached hereto as Exhibit "E."

14.     In other words, Plaintiff misidentified the correct trustee and conflated U.S. Bank, N.A. with U.S. Bank Trust, N.A. – which are two separate entities altogether. Copies of the entity reports from the United States Office of the Comptroller of the Currency (the "OCC") identifying both are attached hereto as Exhibit "F," collectively.

15.     The effectiveness of service of process is determined by application of state law. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999); and Richardson v. Faulk, 2015 U.S. Dist. LEXIS 184226, *3 (E.D.Va. Dec. 16, 2015) (applying Virginia state law governing the procedures required to effect service of process before removal).

16.     Plaintiff originally filed suit in Virginia state court, and this Court sits in the Commonwealth of Virginia. Accordingly, the law of Virginia controls the effectiveness of service of process on the Trust for the purpose of deciding whether this Notice was timely filed. Id.

17.     Under Virginia law, a trust cannot sue or be sued in its own name, and, instead, the trustee is the real party in interest. See Panone v. Jenkins Family Trust, 105 Va. Cir. 288, 290 (Orange Cnty. Jul. 3, 2020); Blick v. Long Beach Mortg. Loan Trust 2005-WL3, 2013 U.S. Dist. LEXIS 46552, *8 (W.D.Va. Mar. 29, 2013) ("[u]nless a statute expressly provides otherwise, a trust as such cannot sue or be sued; actions must be brought by or against the trustees") (citing 1-5 SINCLAIR AND MIDDLEDITCH, VIRGINIA CIVIL PROCEDURE § 5.10 (5th ed. 2008); and Yonce v. Miners Mem. Hosp. Ass'n, 161 F. Supp. 178 (W.D. Va. 1958)); Cook v. John Hancock Life Ins. Co. (USA), 2015 U.S. Dist. LEXIS 4318, *14-15 (W.D.Va. Jan. 14, 2015); and Neil v. Wells Fargo

4

Bank, 2015 U.S. Dist. LEXIS 94203, *2, n.1 (E.D.Va. Jul. 20, 2015) (finding that trust was entitled to summary judgment because it did not have capacity to be sued).

18. Therefore, insofar as Plaintiff alleges wrong doing by *the owner of her loan* (the Trust) based on the foreclosure of the Property (ex. A at ¶ 9), then Plaintiff must have properly served the correct trustee - in this case, U.S. Bank Trust, N.A. However, she did not (indeed, she served neither U.S. Bank, N.A., U.S. Bank Trust, N.A., or the Trust).

19. Although the Virgina Code provides various methods for effecting service on parties, relevant to this case, § 8.01-301 authorizes personal or substitute service of process on foreign stock or nonstock corporations including service on an officer, directed or registered agent, or, instead, service on the clerk of the State Corporation Commission. (Id.) However, nothing in that section or any relevant section of the Code applicable to this proceeding, authorizes service of process outside of the Commonwealth of Virginia by certified mail only.

20. In this instance, Plaintiff attempted to serve *U.S. Bank, N.A.* (which is improperly named as a party and incorrectly identified as trustee of the Trust) by simply mailing a copy of the Complaint to its vice president in California rather than personally serving the appropriate officer or agent of *U.S. Bank Trust* (i.e., the correct party) or serving the Clerk of the State Corporation Commission instead as Va. Code § 8.01-301 provides.

21. Plaintiff would have the Court believe that receipt of the Complaint by mail on an out-of-state vice-president are sufficient to constitute service of process on the Trust. It does not. This is particularly true when the party named in the Complaint has no connection to the dispute and the Property, and when the propriety of service is presumably based only on unsupported allegations of a principal-agent relationship between its vice president and the Trust. In similar circumstances, district courts in Virgnia have held that service on a corporate party's agent is not

5

effective absent some showing by the plaintiff that the defendant "either explicitly or implicitly authorized [the agent] to accept service of process." Davies v. Jobs & Adverts Online, GmbH, 4 F.Supp.2d 719, 712 (E.D.Va. 2000) (explaining that "the mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service") (internal citation omitted). See also Goldbelt Wolf, LLC v. Operational Wear Armor, LLC, 2016 U.S. Dist. LEXIS 22801, *9 (E.D.Va. Feb. 22, 2016) (citing Davies, and rejecting contention that service on non-senior employee was effective without evidence of the employee's authority to accept or waive service); and Harbison v. Va. ex rel. Cuccinelli, 2010 U.S. Dist. LEXIS 94548, *26 (E.D.Va. Aug. 11, 2010) (citing authority rejecting propriety of service on a defendant's attorney based solely on an attorney-client relationship). Courts throughout the Fourth Circuit agree that service on a defendant's agent is proper only when a plaintiff can sufficiently establish that the agent had authority to accept service of process in the first place. See, e.g., Watson v. Shenandoah Univ., 2015 U.S. Dist. LEXIS 128281, *11 (W.D.Va. Sep. 23, 2015) (service "c/o" defendant's counsel was not effective); RoyaltyStat, LLC v. IntangibleSpringCorp., 2017 U.S. Dist. LEXIS 7302, *13 (D.Md. Jan. 19, 2017) (attorney-client relationship does not automatically support authority to accept service of process); and Deakins v. Pack, 2012 U.S. Dist. LEXIS 100419, *5 (S.D.W.Va. June 28, 2012), and Leach v. BB&T Corp., 232 F.R.D. 545, 551 (N.D.W.Va. 2005) (same).

22.    Accordingly, whether Plaintiff intended to serve either U.S. Bank, N.A. or U.S. Bank Trust, N.A. through a simple mailing to individuals who are ***not*** those entities' registered agents, Plaintiff failed in both respects.

23.    Leaving aside the improper form of service Plaintiff attempted to employ, service of process was also substantively defective, and, therefore, ineffective.

6

24.     In  Murphy Bros., 526 U.S. at 348, the Supreme Court of the United States held that a defendant's timeframe to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, ***but not by mere receipt of the complaint unattended by any formal service***." Id. (emphasis added).

25.     Consistent with that holding, Virginia's federal district courts have explained that a "defendant's time to remove commences when he or she receives both service of the summons and complaint through formal process" (Brown v. Nokloads, LLC, 505 F.Supp.3d 620, 625 (E.D.Va. 2020)), and that "the 30-day removal period cannot start before the plaintiff has properly served the defendant with a summons and a copy of the complaint." United States Bank Trust Nat'l Ass'n v. Haring, 2020 U.S. Dist. LEXIS 170725, *3-4 (W.D.Va. Sep. 8, 2020) (citing PurAyr, LLC v. Phocatox Techs., LLC, 263 F.Supp.3d 632, 635-36 (W.D.Va. 2016)). See also Hackworth v. Bryan, 2012 U.S. Dist. LEXIS 3659, *4 (E.D.Va. Jan. 12, 2012) (relying on Murphy Bros., and concluding that "determining the timeliness of removal requires the Court to determine whether, and at what moment, a defendant has been effectively served").

26.     Therefore, because the Trust has not been properly served with the Complaint ***and*** Summons, its 30-day period to remove this case to this Court case has not started or run. Similarly, because the Trust's Notice of Removal is timely filed, the City may properly consent to and join this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(C).

7

**This Court Has Original Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1331,
And Supplemental Jurisdiction Pursuant To 28 U.S.C. § 1367(a),
And, Therefore, Removal Is Proper**

27.     Removal of this case is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 which authorizes it to hear cases and controversies "of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. Moreover, the Court may also exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims arising under state law because they are sufficiently related to the federal claims asserted.

28.     "To determine whether a civil action 'arises under' the laws of the United States for § 1331, the Court must determine if "a federal question is present on the face of the plaintiff's properly pleaded complaint." Yates v. Nationstar Mortgage, LLC, 2018 U.S. Dist. LEXIS 234149, *5-6 (E.D.Va. Jan. 31, 2018) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). See also Stephens v. Ocwen Loan Servicing, LLC, 2014 U.S. Dist. LEXIS 50174, *2 (W.D.Va. Apr. 11, 2014) ("It is settled law that 'removal is appropriate if the face of the complaint raises a federal question.") (quoting Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005)).

29.     In Edwards v. Bank of N.Y. Mellon, 2014 U.S. Dist. LEXIS 155290, *12-13 (E.D.Va. Oct. 31, 2014), the court explained that:

> In the vast majority of cases, a cause of action "arises under" the law that creates it. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). Thus, the first step in a court's jurisdictional inquiry is to "discern whether federal or state law creates the cause of action." Mulcahey v. Columbia Organic Chems., Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). When it is apparent from the face of a plaintiff's complaint that federal law creates the cause of action, federal courts "unquestionably have federal subject matter jurisdiction."

Id.

8

30.     In her Complaint, Plaintiff asserts violations of 42 U.S.C. § 1983 and 15 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act (the "FDCPA"). See Ex. A at p 13-17.[2]

31.     42 U.S.C. § 1983 specifically provides a cause of action against any person "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." (Id.)

32.     The Court of Appeals for the Fourth Circuit has described a plaintiff's burden to assert a federal claim sufficient to invoke a district court's subject matter jurisdiction as a "low bar." Specifically, in PEM Entities, LLC v. Cnty of Franklin, 57 F.4th 178, 183-184 (4th Cir. 2023), that court explained that:

> "[t]he mere assertion of a federal claim is not sufficient to obtain jurisdiction under" 28 U.S.C. § 1331, and this Court has sometimes dismissed suits brought under Section 1983 "because the federal claims were insubstantial and were pretextual state law claims." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). At the same time, "it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." Bell v. Hood, 327 U.S. 678, 682, . . . (1946). "The preliminary jurisdictional test of facial insubstantiality is a rigorous one against the challenger," and "[t]he mere claim that a right exists under federal law suffices to avoid summary dismissal unless it is facially insubstantial or frivolous." Ridenour v. Andrews Fed. Credit Union, 897 F.2d 715, 719 (4th Cir. 1990). Only when a claim asserted under federal law is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy" should the complaint be dismissed for lack of jurisdiction. Oneida Indian Nation v. Oneida Cnty., 414 U.S. 661, 666 . . . (1974).

(Id.)

---

[2]     Plaintiff's fourth claim for relief raises supposed violations of 18 U.S.C. §§ 241 and 242. And while those statutes clearly arise under federal *criminal* law, it is well-settled that "a private citizen has no authority to initial federal criminal prosecution . . . under 18 U.S.C. §§ 241-242." Hodges v. Henrico Police Dep't, 2024 U.S. Dist. LEXIS 27779, *24-25 (E.D.Va. Feb. 16, 2024).

89609\322527884.v1

33.    A § 1983 claim generally derives its "elements of damages and the prerequisites for their recovery" from whatever common-law tort is most analogous to that § 1983 claim." Brunson v. Stein, 2024 U.S. App. LEXIS 23452, *7-8 (4th Cir. 2024) (citation omitted).

34.    Plaintiff alleges a violation of the 14th Amendment of the U.S. Constitution prohibiting states from "depriv[ing] any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. To establish a prima facie violation of procedural due process, a plaintiff must show that: "(1) they had property or a property interest (2) of which the defendant deprived them (3) without due process of law." Scarborough v. Frederick County Sch. Bd., 517 F.Supp.3d 569, 581 (W.D.VA. 2021) (quoting Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach, 420 F.3d 322, 328 (4th Cir. 2005)).

35.    Here, Plaintiff contends that she was: (1) owner of the Property; (2) both defendants deprived her of that Property by way of foreclosure sale; and (3) the process and procedures authorized under Virginia law to foreclose on the Property were insufficient to provide Plaintiff with the proper notice and an opportunity to vindicate her constitutionally protected rights. See Ex. A at ¶ 7-9. Accordingly, while Defendants deny that Plaintiff's claims under § 1983 are meritorious or sufficient to survive a motion under Rule 12, the Trust submits that Plaintiff has met the "low bar" to invoke the Court's subject matter jurisdiction under 28 U.S.C. § 1331 for removal purposes.

89609\322527884.v1

36.    The FDCPA provides that an action to enforce liability "may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."  15 U.S.C. § 1692k(d). See also Raja v. Specialized Loan Servicing, LLC, 2023 U.S. Dist. LEXIS 237410, *4-5 (E.D.Va. Oct. 18, 2023) (exercising federal question subject matter jurisdiction over FDCPA claim removed to this Court, and finding such removal "proper").  Accordingly, Plaintiff's claim under the FDCPA may be properly removed to this Court under its § 1331 subject matter jurisdiction.

37.    28 U.S.C. § 1367 establishes that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy . . . ." Id. "Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." Lagrant v. U.S. Bank Nat'l Ass'n, 2015 U.S. Dist. LEXIS 31942, *12 (E.D.Va. Mar. 16, 2015) (quoting) Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995)).

38.    Here, Plaintiff asserts purported state law causes of action (the first, and fifth claims for relief) for "reasonable reliance" and "conspiracy" based on defendants' alleged efforts at defrauding her in connection with the foreclosure of the Property and collection of the loan debt. See Ex. A. at ¶ 25-36 and 71-74. Those claims are intimately related to her federal causes of action under § 1983 and the FDCPA because they involve the same Defendants, the same mortgage loan, the same Property, and the same state law procedures allegedly employed by Defendants to deprive Plaintiff of her Property.

89609\322527884.v1

39.    District courts in Virginia regularly exercise supplemental jurisdiction over mortgage and servicing related cases predicated on state law violations when removal is also supported by federal question subject matter jurisdiction (including those arising under the FDCPA). See Raja v. Specialized Loan Servicing, LLC, 2023 U.S. Dist. LEXIS 237410, *4-5 (E.D.Va. Oct. 18, 2023); and Yates v. United States Bank, N.A., 2024 U.S. Dist. LEXIS 165011, *13-14 (E.D.Va. Sep. 12, 2014) (citing cases).

40.    As a consequence, the Trust submits that the Court may properly exercise subject matter jurisdiction over this entire action pursuant to §§ 1331 and 1367 because Plaintiff asserts causes of action arising under federal law, and the remaining state law claims are sufficiently related to the same consumer transaction and dispute on which all of Plaintiff's claims are grounded.

### Consent of the Parties

41.    There are no other defendants to this action besides the Trust and the City, and the City consents to removal of this action to this Court as evidenced by Exhibit "G" hereto.

### Conclusion

42.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the clerk for the Circuit Court for the City of Roanoke. A copy of the Notice of Filing of Notice of Removal (without exhibits) is attached as Exhibit "H."

43.    In filing this Notice of Removal, the Trust does not waive, but instead specifically reserves all defenses, objections, motions, or exceptions available to them under applicable law. In particular, the Trust expressly reserves the right to move for dismissal pursuant to Fed. R. Civ. P. 12. No statement herein or omission should be deemed to constitute an admission by the Trust of any allegation set forth in the Complaint or damages sought therein.

89609\322527884.v1

For the foregoing reasons, Defendant, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, with the consent of the Defendant, the City of Roanoke, Virginia, hereby removes the above-captioned action now pending before the Circuit Court for the City of Roanoke to the United States District Court for the Western District of Virginia (Roanoke Division).

Respectfully submitted,

/s/ John A. Nader
John A. Nader (VSB No. 73259)
HINSHAW & CULBERTSON, LLP
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel.: (202) 970-5280
Fax: (212) 935-1166
jnader@hinshawlaw.com

*Counsel for Defendant,*
*U.S. Bank Trust, National Association, not in its*
*individual capacity but solely as owner trustee for*
*RCF 2 Acquisition Trust (incorrectly identified in*
*the Complaint as "U.S. Bank N.A."),*

## CERTIFICATE OF SERVICE

I certify that on October 23, 2024, I filed the foregoing Notice of Removal with the Clerk of the Court, and that I served a copy of the same on:

| Doris Tucker<br>915 Camelot Drive, Apt. 31<br>Salem, VA 24153<br><br>*Plaintiff, pro se* | Timothy Spencer, Esq.<br>Office of the City Attorney<br>215 Church Avenue SW<br>Room 464<br>Roanoke, VA 24011<br><br>*Counsel for Defendant,*<br>*City of Roanoke, Va.* |
|---|---|

/s/ John A. Nader
John A. Nader

13

89609\322527884.v1